Dear Representative Powell:
We are in receipt of your request for an opinion from our office as to whether professors and administrators (e.g. presidents, chancellors, etc.) of state universities, Board of Regents members, and presidents of university systems (collectively "Higher Education Officials") are permitted by law to lobby the legislators on pending legislation. While we have addressed the legal issues raised in your request, we note that any complaints and/or requests for advisory opinions should be directed to the State Board of Ethics, which is the agency authorized to enforce lobbying activities in Louisiana.
The Lobbying Act, La. R.S. 24:50, et seq., governs legislative lobbying in Louisiana. La. R.S. 24:52 limits the application of the Lobbying Act to "lobbyists," as defined in La. R.S. 24:51, and further exempts statewide elected officials and their designees from the Lobbying Act. "Lobbyist," as defined in La. R.S. 24:51(5) means "any person who is employed to act in a representative capacity for the purpose of lobbying if lobbying constitutes one of the duties of such employment, or any person who receives compensation of any kind to act in a representative capacity when one of the functions for which compensation is paid is lobbying and makes expenditures as herein defined of five hundred dollars or more in a calendar year for the purpose of lobbying." "Lobbying" is "any direct act or communication with a legislator, the purpose of which is to aid in influencing the passage or defeat of any legislation." La. R.S. 24:51(4).
La. R.S. 24:56(F) provides that "no state employee in his official capacity or on behalf of his employer shall lobby for or against any matter intended to have the effect of law pending before the legislature or any committee thereof. Nothing herein shall prohibit the dissemination of factual information relative to any such matter or the use of public meeting rooms or meeting facilities available to all citizens to lobby for or against any such matter." The Board of Ethics is charged with the enforcement of the Lobbying Act, and may impose penalties for violations. See La. R.S. 24:58. Current law provides no relevant definition of "state employee."
Whether the Higher Education Officials can lobby legislators hinges on: (a) whether the Higher Education Officials qualify as state employees; and (b) whether the Lobbying Act applies to all state employees or only those state employees who meet the statutory definition of lobbyists.
1. Status as "State Employee"
"State employee" is not currently defined in the statutes or in the case law. However, prior opinions of this office have applied the following factors in determining individuals' status as "state employees" for purposes of the Lobbying Act: whether the individuals are elected or appointed by law; whether they are members of the public retirement system; whether their actions would result in any liability to the state, or would be deemed "state actions" for purposes of federal law; whether their employer is a state agency; whether their employer was created under state law, to which the legislature appropriates funds; whether their employer would be subject to the Louisiana Open Meetings Law or Louisiana's Public Records Act; and whether their employer is subject to audits by the state legislative auditor. See Atty. Gen. Op. 98-40 and 99-21.
Applying the above factors to the various classes of Higher Education Officials referenced in your request, we believe that university professors and administrators would qualify as "state employees," since they are members of the public retirement system, their actions would result in liability to the state, they would be deemed "state actors" for purposes of federal law, their employer is a state agency created under state law, subject to Open Meetings Law, Public Records law and legislative audits, and to which the legislature appropriates funds. For the same reasons, university system presidents would similarly qualify as "state employees." However, these factors do not help resolve the status of the members of the Board of Regents who are not "employees" of the Board of Regents, and do not draw a salary.
Though the term "state employee" is not currently defined, we find its former definition useful in determining the "state employee" status of the Higher Education Officials. Former La. R.S. 42:1111 defined "state employee" as "any one, whether compensated or not, who is:
 (1) An administrative officer or official of the state who is not filling an elective office; or
 (2) Appointed by the Governor (whether or not approval is required by the Senate or any other body, agency or person) or is appointed by any elected officer or official of the state or is appointed by any other state employee as defined in this Sub-section, when acting in an official capacity, and the appointment is to a post or position wherein the appointee is to serve the state or one of its agencies, either as a member of a board, commission or other agency, or as an employee of the state or of one of its agencies; or
 (3) Engaged in the performance of a state function under authority of the laws of this state; or
 (4) Under the supervision or authority of an elected state official or under the supervision or authority of another state employee as defined in this Sub-section."
The above definition is substantially retained in and is the source of the current definition in La. R.S. 42:1102(18), though it now defines the term "public employee" rather than "state employee." Nevertheless, this definition is relevant to the present issue, due to its historical connection with the Lobbying Act. The Lobbying Act's provisions were previously part of Title 42, §§ 1191 to 1202, when the above definition of "state employee" would have been relevant to the interpretation of the prohibition against lobbying by state employees. However, through various repeals and reenactments, the Lobbying Act's provisions were eventually moved to Title 24, while other provisions of the Code of Governmental Ethics remained in Title 42.[1] While the various occurrences of the term "state employee" in Title 42 were changed to "public employee," the Lobbying Act still uses the term "state employee." The term "state employee" has therefore now become an undefined term.
The former definition quoted above indicates that members of the Board of Regents, performing governmental function, appointed to a board created by state law and serving under the supervision or authority of an elected state official, would be considered state employees.[2] Since professors, administrators, chancellors, system presidents, and university presidents of state universities are unelected administrators of the state performing state functions in the area of education, they would also be considered state employees.
2. Application of Lobbying Act to Non-Lobbyists
Even if the Higher Education Officials are "state employees," La. R.S. 24:52 limits the application of the Lobbying Act to "lobbyists," as statutorily defined. This provision can be interpreted as exempting state employees from the Lobbying Act unless they meet the statutory definition of "lobbyist." Under this interpretation, the Act's prohibitions would only apply to the Higher Education Officials if: (a) they are employed to act in a representative capacity and lobbying is one of the employment duties; or (b) they are compensated for lobbying, and whose lobbying expenditures exceed $500 in a calendar year.[3]
Thus a state employee may lobby if: (a) the employee is not employed to lobby; and (b) the employee is not paid to lobby and the employee's lobbying expenditures do not exceed $500 in a calendar year. This interpretation is reflected in several opinions of this office, which indicate that individuals should first be determined to be "lobbyists" before the Lobbying Act's prohibitions are applied to them. See Atty. Gen. Op. 03-0087, and 98-33. Under this view, the Lobbying Act allows non-lobbyist state employees to lobby, but prohibits a state agency from creating lobbyist positions or paying lobbyists. Stated differently, it prohibits state employees from being employed to act in a representative capacity and carry out lobbying as one of their employment duties; it also prohibits state agencies from paying an employee to lobby and to make lobbying expenditures above $500 in a calendar year.
Advisory opinions of the Board of Ethics reflect a contrary view that La. R.S. 24:56(F) prohibits lobbying by any state employee, even where the state employee does not meet the statutory definition of "lobbyist." See the Board's advisory opinions in Docket Nos. 2004-828 (La. R.S. 24:56(F) would prohibit a Commissioner of the Wildlife and Fisheries Commission from legislative lobbying) and 98-205 (La. R.S. 24:56(F) prohibits a part-time college employee from lobbying on behalf of the college). Also see Atty. Gen. Op. 99-124 for a similar treatment.[4] Under this interpretation, if the Higher Education Officials are state employees, then they would be prohibited from legislative lobbying, even if they do not meet the statutory definition of lobbyists. While this interpretation is supported by the plain text of La. R.S. 24:56(F) taken in isolation, it ignores La. R.S. 24:52 entirely. This interpretation also ignores a significant change in the statutory definition of "lobbyist." Until 1993, that term included "a public official or a public employee who lobbies," but public officials or employees who lobby are not included in the current definition of "lobbyist."[5]
In order to give effect to La. R.S. 24:52, the Lobbying Act should be interpreted as applying only to state employees who are also lobbyists. The absence of public officials and employees who lobby from the current definition of "lobbyist" would also support this view. On the other hand, the Board's interpretation (prohibiting lobbying by all state employees, regardless of lobbyist status) is supported by the following facts: specific exemptions from the lobbying prohibition that were previously created for university professors and officials, employees, and public officials acting in their official capacity have been repealed;[6] current law simply prohibits state employees from lobbying, with the exception of statewide elected officials and their designees. The absence of these prior exemptions from current law supports a broad interpretation of La. R.S. 24:56(F) that would prohibit all state employees from lobbying.
In sum, if the Lobbying Act is construed as only applying to "lobbyists" as defined in the statutes, then the Higher Education Officials would not be prohibited from lobbying insofar as they are not employed to lobby and their duties do not include lobbying; and they are not paid to lobby and do not make lobbying expenditures in excess of $500. However, if the prohibition against lobbying by state employees is viewed as applying to all state employees regardless of whether they meet the statutory definition of "lobbyists," the Higher Education Officials may not lobby even if they fail to qualify as "lobbyists" as defined in the Lobbying Act. We note that the applicability of the Lobbying Act to non-lobbyist state employees is an open issue, and in the absence of binding case law, the Board of Ethics, as the enforcing agency, is entitled to considerable deference.
Even under the latter interpretation reflected in the opinions of the Board of Ethics, providing strictly factual information to the legislature, such as testifying before a committee during the legislative process, is not prohibited. It would be a factual determination as to whether the specific acts of the Higher Education Officials would be considered influencing a decision or simply providing factual information, and no such determination is made in this opinion.
We hope that this opinion has addressed the legal issues that you have raised. If our office can be of any further assistance, please do not hesitate to contact us. As these are issues subject to the enforcement authority of the Board of Ethics, complaints or requests for advisory opinions should be submitted to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, Louisiana, 70808, phone 225-763-8777.
With best regards,
CHARLES C. FOTI, JR.ATTORNEY GENERAL
BY:__________________ Uma M. Subramanian Assistant Attorney General
[1] See Act No. 965, § 3 of 1993, by repealing Act No. 755 of 1991, repealed prior lobbying provisions of Title 42 substantially similar to the current ones, and placed them in Title 24. Prior to 1991, the lobbying provisions were in Title 24, but Act No. 755 of 1991, § 1 repealed lobbying provisions in Title 24, and placed them in Title 42, 1191 through 1202 and 1211 through 1221. Also see Act 980 of 1990, § 1 (lobbying provisions placed in Title 24) and Act 110 of 1964 (lobbying provisions placed in Title 42).
[2] See La. Const. Art. 8, § 5, which creates the Board of Regents, and provides for the appointment of its members by the Governor.
[3] See River Birch, Inc. v. Robin Associates, Inc. et al.,2005 WL 1400136 (La.App. 1 Cir. 6/15/05) (unpub.), which goes through the statutory definition of "employed or compensated to lobby" and interpreting the $500 lobbying expense requirement applying to only someone compensated to lobby, not someone employed to lobby. Note that this opinion has not been published and is subject to withdrawal.
[4] The Ethics and Attorney General opinions discussed herein refer to La. R.S. 24:52(E), which previously contained the lobbying prohibition currently found in La. R.S. 24:56(F).
[5] Act 1991, No. 755, § 1 added Part V., Legislative Lobbying, of Chapter 15, of Title 42, R.S. 42:1191 to 42:1202. "Lobbyist" was defined in La. R.S. 42:1192(9) to include public officials and employees who lobby. Act 1991, No. 755, § 1 was later repealed by Act No. 965 of 1993, which also moved the lobbying provisions to Title 24.
[6] See Act No. 965, § 3 of 1993; Act No. 755 of 1991, § 1 (which exempted from the lobbying provisions "any employee who supports or opposes legislation on behalf of his employer, when his usual job functions do not include lobbying, provided lobbying is not the primary function of his employer, he is not acting in the place of a person who is required to be registered as a lobbyist, and he communicates only with, any legislator who represents the employee's representative or senatorial district"); Act 980 of 1990, § 1 (which exempted from the lobbying provisions "any employee who supports or opposes legislation on behalf of his employer, when his usual job functions do not include lobbying, provided lobbying is not the primary function of his employer and he is not acting in the place of a person who is required to be registered as a lobbyist" and "any public official acting in his official capacity"); Act759 of 1978, § 1 (which enacted La. R.S. 24:52 exempting from the lobbying provisions "any public official acting in his official capacity"); and Act 110 of 1964 (whose definition of "state employee" specifically excluded "the teaching, professional and administrative officers of all schools, colleges and universities of the state"). All of these exemptions were subsequently repealed, and are absent from the current provisions.